UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN RAYMOND DOMINICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-1271-G |
| DOUGLAS DRETKE, Director, Texas ) | |
| Department of Criminal Justice, ) | **ECF** |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

## ORDER

United States Magistrate Judge William F. Sanderson, Jr. made findings, conclusions, and a recommendation in this case.  Petitioner filed objections and the district court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.  The objections are **OVERRULED** and the court **ACCEPTS** the findings, conclusions, and recommendation of the United States Magistrate Judge with the following clarification.

Habeas counsel for the petitioner objects with particular vehemence regarding the magistrate judge's statement "that an attorney 'violates ethical standards when a

telephone conversation is recorded without the other person's knowledge.'" Petitioner's Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Objections") at 1-2 (citing Findings, Conclusions, and Recommendation of the United States Magistrate Judge at 7, n.2).  Noting that the "Magistrate Judge's research . . . was incomplete," habeas counsel then points the court to a letter written by Steven W. Young, General Counsel to the Texas State Bar, clarifying Professional Ethics Opinion 514, on which the Magistrate Judge's statement was based.  This letter, later reprinted in the April 1997 edition of *Voice For the Defense*, the Texas Criminal Defense Lawyer's Association Monthly Magazine, states the following:

> Professional Ethics Opinion 514 sets forth the Professional Ethics Committeeís [sic] opinion that such taping is unethical.  Those opinions are not binding on the grievance system.
>
> . . . Currently this position is that such conduct, if otherwise legal, is not unethical.  Based on that position, we currently classified any allegation such as described in the opinion as any [sic] inquiry and as such it is dismissed at the initial review stage by the Chief Disciplinary Counsel Staff.

February 4, 1997 letter from Steven W. Young *attached to* Objections *as* Exhibit A.

   Not wishing to impugn habeas counsel's character or ethics inadvertently, the court notes that the Texas State Bar determined in 1997 that it is not unethical for an attorney to record a conversation without the knowledge of the other person.

**SO ORDERED**.

May 11, 2006.

_____
A. JOE FISH
CHIEF JUDGE